UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL DORTCH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1013-MMM |
| | ) |
| KENDY ELBERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and no longer incarcerated, filed a § 1983 action while confined at the Illinois River Correctional Center ("IRCC"), alleging that he has been held too long in custody. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims that officials at IRCC violated his rights to due process as they miscalculated the term of his sentence, not giving him credit for 44 days of pretrial detention as ordered by a DuPage County Judge George J. Bakalis. Plaintiff requests punitive damages and injunctive relief, that he be given the 44 days credit on his sentence and that he be transferred to a "South Western Facility." Upon review, the Court finds that Plaintiff has been released from

custody and is currently on parole, also known as Mandatory Supervised Release ("MSR"). As he is no longer in custody, Plaintiff's requests for injunctive relief are rendered moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)(if plaintiff is no longer at prison and subject to complained-of conditions, his request for injunctive relief becomes moot).

Plaintiff's request for money damages also fails as, under § 1983, a plaintiff may not proceed in a claim for money damages if a judgment in his favor would challenge or necessarily imply the invalidity of a conviction or sentence. *Heck v. Humphrey,* 512 U.S. 477 (1994). The *Heck* bar applies "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. A § 1983 claim for a sentence credit comes within the bar of *Heck*. *See Beaven v. Roth*, 74 Fed. Appx. 635, 638 (7th Cir. 2003). "A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies." (Internal citations omitted). *See Id.* at 638, quoting *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000) (per curiam). "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."

While the *Heck*-bar generally does not apply to individuals who are no longer in custody, a former prisoner on parole may be considered to be "in custody." *See Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012). "[M]andatory supervised release often entails sufficient restraints on liberty to meet the 'in custody' requirement of habeas corpus." *Id*. at 435. In such a case, habeas relief is available during the period of parole and a § 1983 action accrues only upon its

termination. *Savory v. Cannon*, No. 17-204, 2017 WL 5971999, at *3 (N.D. Ill. Dec. 1, 2017) (the *Heck* bar is lifted upon the termination of parole, as then, habeas is no longer available).

It appears, therefore, that Plaintiff must challenge his detention in state court first and pursue all possible appeals or other remedies available in the state court system before filing a *habeas* petition in federal court. 28 U.S.C. § 2254. An action for damages under § 1983 will not accrue until Plaintiff has successfully invalidated his confinement. *Heck*, 512 U.S. at 487.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot assert a § 1983 damages claim until such time as his conviction has been overturned, expunged or invalidated. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

  5/5/2020  
ENTERED

                                            s/Michael M. Mihm  
                                        MICHAEL M. MIHM  
                          UNITED STATES DISTRICT JUDGE